**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| PAUL WILKINS, SR. and | ) | |
| PAUL WILKINS, JR., | ) | Civil Action No. |
| | ) | |
|    Plaintiff, | ) | |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| UHS OF SUMMITRIDGE, L.L.C. d/b/a | ) | |
| SUMMITRIDGE HOSPITAL, | ) | |
| | ) | |
|    Defendant. | | |

_____

## <u>COMPLAINT</u>

COME NOW, Plaintiffs Paul Wilkins, Jr. ("Wilkins, Jr.") and Paul Wilkins, Sr., ("Wilkins, Sr.") (collectively, "Plaintiffs") and file this *Complaint* pursuant to Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981") and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII") against Defendant UHS of SummitRidge, L.L.C. d/b/a SummitRidge Hospital ("Defendant").

### JURISDICTION AND VENUE

1.

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331.

2.

Defendant does business in this district and division; therefore, this Court has personal jurisdiction over Defendant. In addition, a substantial part of the acts and omissions that give rise to Plaintiffs' claims occurred in this district. Accordingly, venue in this Court is proper pursuant to 29 U.S.C. §1391.

**PARTIES**

3.

Plaintiffs are citizens of the United States of America and are subject to the jurisdiction of this Court.

4.

Defendant is a Delaware Limited Liability Company registered to do business in Georgia.

5.

Defendant provides psychiatric and substance use disorder treatment to adolescents, adults, and older adults.

6.

Defendant is now, and at all times relevant hereto, has been an employer subject to Title VII.

7.

Defendant may be served with process by delivering a copy of the summons and complaint to its registered agent, Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

## ADMINISTRATIVE PREREQUISITES

8.

Wilkins, Sr. timely filed a Charge with the Equal Employment Opportunity Commission ("EEOC") on January 30, 2020.

9.

On March 1, 2022, the EEOC determined reasonable cause to conclude that Defendant terminated Wilkins, Sr., "and another African American class member" because of their race, in violation of Title VII. (Attachment 1). The EEOC attempted to resolve the dispute informally through its conciliation process, but those attempts failed. On May 9, 2022, the EEOC issued a Notice of Right to Sue. (Attachment 2).

## FACTS

10.

Wilkins, Sr. began working for Defendant on or around January 7, 2019, as a Mental Health Technician ("MHT").

11.

Wilkins, Jr. began working for Defendant in or around September 2019 as an MHT.

12.

Wilkins, Jr. and Wilkins, Sr. are African American and Black.

13.

On December 1, 2019, Wilkins, Jr. and Wilkins, Sr. were involved in an incident that required them to physically restrain a patient.

14.

Wilkins, Jr. and Wilkins, Sr. witnessed a patient experiencing an extreme and violent outburst. The patient was flailing his arms and his legs, punching, and kicking wildly, and throwing cups filled with water and trays full of food on the ground. The patient was also actively kicking the door to the nurse's station.

15.

The floor was wet, slippery, and covered in food. These conditions and the patient's erratic behavior posed a hazard to the patient and others around him, including the charge nurse, and Wilkins, Jr. and Wilkin, Sr.

16.

Wilkins, Sr. followed his training by first attempting to calm down the

patient by using verbal de-escalation techniques; however, these techniques did not work, and the patient became more physically agitated. The patient continued to throw cups on the ground and kick and punch out wildly.

17.

The patient was becoming increasingly agitated despite Wilkins, Sr.'s attempts to de-escalate, so the Charge Nurse asked Wilkins, Jr. and Wilkins, Sr. to restrain the patient in order to administer a shot and calm the patient down.

18.

Wilkins, Jr. and Wilkins, Sr. each took hold of one of the patient's arms so the Charge Nurse could administer the shot.

19.

The patient continued to flail his arms and legs, and due to the water and food strewn about the ground, the patient, Wilkins, Jr., and Wilkins, Sr. fell to the ground.

20.

While on the ground, Wilkins, Jr. and Wilkins, Sr. restrained the patient long enough for the Charge Nurse to administer a shot.

21.

Wilkins, Jr. and Wilkins, Sr. then transported the patient to a room where

the patient could rest.

22.

Wilkins, Jr. and Wilkins, Sr. had no further interactions with the patient that day.

23.

More than two weeks later, on December 16, 2019, Zachary Trent, Risk Manager, informed Wilkins, Sr. that he was suspended pending an investigation into the incident with the patient.

24.

The next day, on December 17, 2019, Trent informed Wilkins, Jr. that he was suspended pending an investigation into the incident with the patient.

25.

The Charge Nurse, who was present throughout the entire altercation with the patient, informed Defendant that she would like to be interviewed as part of the investigation. Nonetheless, Defendant never interviewed her. The Charge Nurse is African American/Black.

26.

Defendant also failed to interview several other African American/Black employees who had knowledge relating to the incident and who informed

Defendant that they were willing to be interviewed.

27.

On December 20, 2019, Karme Edward, Human Resources, informed Wilkins, Jr. and Wilkins, Sr. that they were terminated for violating company policy.

28.

Wilkins, Jr. and Wilkins, Sr. had never received any disciplinary action prior to this incident.

29.

As found by the EEOC, "a similarly situated White comparator engaged in conduct similar to [Wilkins, Sr.] but he was not discharged."

30.

In finding that there is reasonable cause to conclude that Wilkins, Sr. and "another African American class member" were discharged because of their race, the EEOC noted that Defendant's "proffered reason for discharging [Wilkins, Sr.] cannot withstand scrutiny and is pretext for discrimination."

31.

Based on the evidence discovered by the EEOC and additional evidence to be proven at trial, Defendant discriminated against Wilkins, Jr. and Wilkins, Sr. on

7

the basis of their race.

## SUBSTANTIVE CLAIMS

### Count I
### 42 U.S.C. § 1981 Race Discrimination

32.

Plaintiffs re-allege the preceding paragraphs as if set forth fully herein.

33.

42 U.S.C. § 1981 prohibits race discrimination in the making and enforcement of contracts.

34.

Defendant violated Plaintiffs' rights under 42 U.S.C. § 1981 by terminating their employment.

35.

Defendant intentionally discriminated against Plaintiffs, on the basis of Plaintiffs' race/color, in violation of 42 U.S.C. § 1981.

36.

Defendant treated Plaintiffs differently than at least one other similarly situated employee outside of Plaintiffs' protected class. Any alleged non-discriminatory reason given by Defendant for treating Plaintiffs differently than

another employee outside of Plaintiffs' protected race class is pretext for unlawful discrimination.

37.

As a direct and proximate result of Defendant's actions and omissions, Plaintiffs have suffered damages, including lost wages, emotional distress, humiliation and other indignities.

38.

The acts and omissions of Defendant were willful, malicious and in reckless disregard of Plaintiffs' federally protected rights entitling Plaintiffs to punitive damages.

39.

Defendant is liable for the damages caused by its unlawful acts or omissions against Plaintiffs.

**Count 2**
**Title VII – Race Discrimination (Wilkins, Sr.)**

40.

Plaintiffs re-allege the preceding paragraphs as if set forth fully herein.

41.

Title VII prohibits employment discrimination on the basis of race or color.

42.

Defendant violated Plaintiff Wilkins, Sr.'s rights under Title VII by terminating his employment.

43.

Defendant intentionally discriminated against Wilkins, Sr. on the basis of his race/color, in violation of Title VII.

44.

Defendant treated Wilkins, Sr. differently than at least one other similarly situated employee outside of his protected class. Any alleged non-discriminatory reason given by Defendant for treating Wilkins, Sr. differently than another employee outside of his protected race class is pretext for unlawful discrimination.

45.

As a direct and proximate result of Defendant's actions and omissions, Wilkins, Sr. has suffered damages, including lost wages, emotional distress, humiliation and other indignities.

46.

The acts and omissions of Defendant were willful, malicious and in reckless disregard of Wilkins, Sr.'s federally protected rights entitling Wilkins, Sr. to punitive damages.

47.

Defendant is liable for the damages caused by its unlawful acts or omissions against Plaintiffs.

**WHEREFORE**, Plaintiffs pray for judgment and relief as follows:

(a)     Compensatory damages, including general damages for mental and emotional suffering caused by Defendant;

(b)     Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c)     Damages for lost wages and benefits and prejudgment interest thereon;

(d)     Reasonable attorneys' fees and expenses of litigation;

(e)     Trial by jury as to all issues;

(f)     Prejudgment interest at the rate allowed by law;

(g)     Declaratory relief to the effect that Defendant has violated Plaintiffs' statutory rights;

(h)     Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(i)      All other relief to which he may be entitled.

Respectfully submitted,

This 22nd day of July, 2022.

/s/ Zachary Panter
Zachary Panter
Georgia Bar No. 822012
James Radford
Georgia Bar No. 108007
Counsel for Plaintiffs

RADFORD & KEEBAUGH
315 W. Ponce de Leon Ave.
Suite 1080
Decatur, Georgia 30030
(678) 271-0308
zachary@decaturlegal.com
james@deacturlegal.com